FILED

2007 MAY 25  P 1:54

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

POTOMAC INSURANCE COMPANY,
AMERICAN EMPLOYERS'
INSURANCE COMPANY, and
ONEBEACON AMERICA INSURANCE
COMPANY (formerly known as
COMMERCIAL UNION INSURANCE
COMPANY),

:  Civil Action No. 1:07cv520
:  TSE/TRJ

Plaintiffs

v.

DOLCO ALUMINUM CO., INC. a/k/a
DOLCO CONSTRUCTION, INC. and
W.M. JORDAN CO.,

Defendants

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiffs Potomac Insurance Company, American Employers' Insurance Company, and OneBeacon America Insurance Company, formerly known as Commercial Union Insurance Company (collectively "OneBeacon") by and through their undersigned counsel, hereby file this Complaint for Declaratory Relief and aver as follows:

### THE PARTIES

1. Plaintiff Potomac Insurance Company is a Pennsylvania corporation with its principal place of business in Canton, Massachusetts.

2. Plaintiff American Employers' Insurance Company is a Massachusetts corporation with its principal place of business in Canton, Massachusetts.

3. Plaintiff OneBeacon America Insurance Company (formerly known as Commercial Union Insurance Company) is a Massachusetts corporation with its principal place of business in Canton, Massachusetts.

4. Upon information and belief, Defendant Dolco Aluminum Co., Inc. a/k/a Dolco Construction, Inc. ("Dolco") is a Virginia corporation with its principal place of business in Annandale, Virginia.

5. Upon information and belief, Defendant W.M. Jordan Co. ("Jordan") is a Virginia corporation with its principal place of business in Newport News, Virginia.

## JURISDICTION AND VENUE

6. Pursuant to 28 U.S.C. §§ 1332 and 2201 and Fed. R. Civ. P. 57, this Complaint seeks a declaration of the rights and legal relationships of the parties under three policies issued by OneBeacon to Dolco under which Dolco is a named insured.

7. Pursuant to 28 U.S.C. § 1391(a), venue is proper in the United States District Court for the Eastern District of Virginia as a substantial portion of the events, namely the delivery of the subject insurance policies, occurred in Annandale, Virginia and all of the defendants reside within the district.

## GENERAL ALLEGATIONS

8. Policy No. CPP1154060 was issued to Dolco by Potomac Insurance Company. Said policy was in effect for the period of July 1, 1997 to July 1, 1999.

9. Policy No. AZR659006 was issued to Dolco by American Employers Insurance Company. Said policy was in effect for the period of July 1, 1999 to July 1, 2000.

10. Policy No. CZR659006 was issued to Dolco by Commercial Union Insurance Company, now known as OneBeacon American Insurance Company. Said policy was in effect for the period of July 1, 2000 to July 1, 2001.

11. Jordan is neither a named insured nor an additional insured under Policy Nos. CPP1154060, CZR659006 and/or CZR659006.

12. OneBeacon reserved its rights with respect to the claims advanced against Dolco in The School Board of the City of Richmond v. Jacobs Facilities, Civil No. CL06-5808 (the "School Board action") subject to the terms, limitations, exclusions and conditions in the subject policies, and in this Complaint OneBeacon seeks relief from the uncertainty and insecurity with respect to the obligations, status, and other legal relations of Dolco and Jordan with respect to some or all of the claims in the School Board action.

13. The allegations in the Complaint and Amended Complaint filed in the School Board action are based upon alleged breaches of contracts and alleged breaches of warranty stemming from a construction project at three schools. On or about February 20, 2007, the School Board of the City of Richmond ("the School Board") amended its pleadings to name Dolco as a defendant in the School Board action and pleaded two counts of breach of warranty against Dolco therein. A true and correct copy of the Amended Complaint is attached hereto as Exhibit A.

14. Prior to that, Dolco had been named as a third-party defendant by Jordan, which had filed a Third-Party Complaint against Dolco in the School Board matter on or about December 8, 2006. Jordan's Third-Party Complaint against Dolco is styled as a claim for indemnity and states two causes of action: one for the alleged breach of contract

and the other for the alleged breach of warranties. A true and correct copy of Jordan's Third-Party Complaint is attached hereto as Exhibit B.

15. The pleadings in the <u>School Board</u> action allege that Jordan retained Dolco for a construction project under three sub-contracts (one for each of the three elementary schools) and that Dolco breached the contracts and/or its warranties because, Dolco failed to perform its work in a workmanlike manner. The School Board and Jordan allege that these breaches by Dolco were the proximate cause of the damages claimed by the School Board.

16. OneBeacon agreed to defend Dolco in the civil proceedings in the <u>School Board</u> action pending in the Circuit Court for the City of Richmond, Virginia, subject to a full reservation of rights.

17. OneBeacon seeks a declaration that it is not obligated to defend and indemnify Dolco in the <u>School Board</u> action under Policy Nos. CPP1154060, CZR659006 and/or CZR659006.

18. Jordan also made a demand upon OneBeacon for a defense and indemnification in the <u>School Board</u> action, asserting that it was an additional insured under the policies issued to Dolco. OneBeacon denied Jordan's claim and has refused to defend or indemnify Jordan in that action.

19. OneBeacon further seeks a declaration confirming that it is not obligated to defend and indemnify Jordan in the <u>School Board</u> action under Policy Nos. CPP1154060, CZR659006 and/or CZR659006.

**COUNT I**
**ONEBEACON v. DOLCO**
**REQUEST FOR DECLARATORY RELIEF**

20. OneBeacon incorporates by reference the foregoing paragraphs as if fully set forth at length herein.

21. Policy Nos. CPP1154060, CZR659006 and/or CZR659006 are commercial liability policies which contain slightly different language but generally only afford coverage for "bodily injury" or "property damage" only if: (1) the "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory;" and (2) the "bodily injury" or "property damage" occurs during the policy period.

22. Under the policies, "occurrence" means "an accident, including continuous or repeated exposure to the same general harmful conditions."

23. Because the claims against Dolco in School Board action are based entirely upon breach of contract and breach of warranty theories, there was no occurrence within the meaning of the policy and, therefore, is no coverage under the subject insurance policies.

24. Moreover, under Policy Nos. CPP1154060, CZR659006 and/or CZR659006, there would be no coverage because the claims against Dolco in the School Board action do not constitute "bodily injury" or "property damage" within the meaning of the subject policies.

25. OneBeacon reserves all of its rights and defenses in every respect under the terms, condition and provisions Policy Nos. CPP1154060, CZR659006 and/or CZR659006, whether or not specifically pleaded in this Complaint.

**COUNT II**
**ONEBEACON v. JORDAN**
**REQUEST FOR DECLARATORY RELIEF**

26.     OneBeacon incorporates by reference the foregoing paragraphs as if fully set forth at length herein.

27.     Jordan is neither a named insured nor an additional insured under Policy Nos. CPP1154060, CZR659006 and/or CZR659006, and is not entitled to coverage of any kind under those policies.

28.     Even if Jordan were a named insured or additional insured under Policy Nos. CPP1154060, CZR659006 and/or CZR659006, there would be no coverage because the claims against Jordan in the <u>School Board</u> action do not constitute "bodily injury" or "property damage" within the meaning of the subject policies.

29.     The claims against Jordan in the <u>School Board</u> matter are based entirely upon breach of contract claims.

30.     Because the claims against Jordan in <u>School Board</u> matter are based entirely upon a breach of contract theories, there was no occurrence within the meaning of the policy and, therefore, is no coverage under the subject insurance policies.

31.     OneBeacon reserves all of its rights and defenses in every respect under the terms, condition and provisions in Policy Nos. CPP1154060, CZR659006 and/or CZR659006, whether or not specifically pleaded in this Complaint.

**WHEREFORE**, OneBeacon respectfully requests that the Court enter judgment in its favor and against all other parties, and that it declare as follows:

1. that OneBeacon has no duty to defend or indemnify Dolco for any claims asserted and pending in The School Board of Richmond v. Jacobs Facilities, No. CL06-5808, Circuit Court for the City of Richmond, Virginia; and

2. that OneBeacon has no duty to defend or indemnify Jordan for any claims asserted and pending in The School Board of Richmond v. Jacobs Facilities, No. CL06-5808, Circuit Court for the City of Richmond, Virginia; and

3. that the Court grant such other relief as is deemed equitable and just under the circumstances.

Respectfully submitted,

_____
Sami J. Hijab, Esquire
Virginia Attorney I.D. No. 70710
Jackson & Campbell, P.C.
1120 Twentieth Street, N.W.
Suite 300, South Tower
Washington, DC 20036
Phone - (202) 457-1600
Fax - (202) 457-1678
shijab@jackscamp.com

Counsel for Potomac Insurance Company, American Employers' Insurance Company, and OneBeacon America Insurance Company

Dated: 5-25-07

Of Counsel:
Robert N. Kelly, Esquire

Jackson & Campbell, P.C.
1120 Twentieth Street, N.W.
Suite 300, South Tower
Washington, DC 20036
Phone - (202) 457-1600
Fax - (202) 457-1678
<u>rkelly@jackscamp.com</u>